JENKINS *v.* THE STATE, 30 Miss. Rep., 408.

### HOMICIDE.

The record must show that the indictment on which the prisoner was tried was found and returned into court by the grand jury.

In change of venue in criminal cases, it must appear that the record transmitted to the court to which the venue is changed, is the record of the proceedings upon the indictment on which the prisoner was tried.

Error to Jasper circuit court.  Watts, J.

The plaintiff in error was indicted in the Jones circuit court for the murder of a slave.  On application, the prisoner obtained a change of venue to Jasper county, where he was tried and found guilty of manslaughter.  He made a motion for a new trial, which was overruled; whereupon he was sentenced by the court to twelve years' imprisonment in the penitentiary.  Which judgment he sued out a writ of error to this court, to have reversed.

*Evans, McDugald* and *McMillan*, for plaintiff in error.

*D. C. Glenn*, attorney general.

FISHER, J.:

The prisoner having been put upon his trial for murder, in the circuit court of Jasper county, was convicted of the crime of manslaughter in the first degree; and from the judgment rendered upon that verdict, this writ of error has been prosecuted.

The indictment appears upon its face to have been found in the county of Jones, and the venue changed to the county of Jasper.  Nothing appears in the record to show that the indictment was ever returned into court.  Nor does it appear that the record from Jones county is the record of the proceedings had upon said indictment.

Judgment reversed.